UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWIGHT DELTON DAVIS, | No. 2:22-cv-1038-EFB (PC) |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| PATTERSON, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He alleges that officials at California State Prison, Sacramento were deliberately indifferent to his medical and mental health needs in violation of the Eighth Amendment. ECF No. 1. Plaintiff concedes that his relevant administrative appeal is "still pending." *Id*. Therefore, plaintiff will be required to show cause why this case should not be dismissed, without prejudice, for failure to exhaust administrative remedies prior to filing suit. *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) (prisoner's concession to nonexhaustion is valid ground for dismissal of an action, so long as no exception applies), *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc).

Because plaintiff is a prisoner suing over the conditions of his confinement, his claims are subject to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until

1

such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 520 (2002) ("§ 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences"). "[T]hat language is 'mandatory': An inmate 'shall' bring 'no action' (or said more conversationally, may not bring any action) absent exhaustion of available administrative remedies." *Ross v. Blake*, 578 U.S. 632, 638 (2016) (quoting *Woodford v. Ngo*, 548 U.S. 81, 85 (2006)).

California inmates initiate the exhaustion process by submitting a written grievance that disputes a policy, decision, action, condition, or omission by CDCR or CDCR staff. Cal. Code Regs. tit. 15, § 3481(a). The grievance process, as defined by California regulations, has two levels of review. *Id.* If the written grievance is denied, the inmate must submit a written appeal to the Office of Appeals. *Id.* §§ 3481(a), 3484(a). Administrative remedies generally are exhausted upon completion of the review process by the Office of Appeals. *See id.* §§ 3481(a), 3483(l), 3485(l).

It is clear on the face of his complaint that plaintiff failed to exhaust administrative remedies prior to filing suit. Accordingly, the court ORDERS plaintiff, within 21 days of the date of service of this order, to show cause in writing why this action should not be dismissed for his failure to exhaust. Alternatively, plaintiff may file a notice of voluntary dismissal.

So ordered.

Dated: August 5, 2022.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE